ROLANDER CHARLES WEAVER,

        Petitioner,

-vs-                                        Case No. 6:09-cv-72-Orl-19KRS
                                                  (6:06-cr-125-Orl-19KRS)

UNITED STATES OF AMERICA,

        Respondent.

_____

# ORDER

This case comes before the Court on the following:

1. Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody by Petitioner Rolander Charles Weaver (Doc. No. 1, filed Jan. 9, 2009);

2. Memorandum of Law in Support of Motion to Vacate, Set Aside or Correct Sentence Pursuant to Title 28 U.S.C. § 2255 by Petitioner Rolander Charles Weaver (Doc. No. 15, filed June 29, 2009);

3. Motion to Dismiss Petitioner's Section 2255 Motion by Respondent United States of America (Doc. No. 21, filed Sept. 28, 2009);

4. Affidavit in Opposition to Respondent's Motion to Dismiss Petitioner's Section 2255 Motion by Petitioner Rolander Charles Weaver (Doc. No. 23, filed Oct. 8, 2009);

5. Supplemental Memorandum of Law in Opposition to Respondent's Motion to Dismiss by Petitioner Rolander Charles Weaver (Doc. No. 24, filed Oct. 26, 2009); and

6. Evidentiary Submission in Accordance with F.R.E. 103(a)(2) in Support of "Brady" Violation Claim by Petitioner Rolander Charles Weaver (Doc. No. 25, filed Nov. 6, 2009).

**Background**

On October 23, 2006, the Government filed a First Superseding Information alleging that Petitioner conspired to possess with intent to distribute and to distribute a quantity in excess of 500 grams of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(b)(1)(B)(ii) and 846. (Criminal Case No. 6:06-cr-125-Orl-19KRS, Doc. No. 960, filed Oct. 23, 2006).[1] On October 26, 2006, Petitioner waived prosecution by indictment and pled guilty to the allegation in the First Superseding Information pursuant to an amended plea agreement before Magistrate Judge James G. Glazebrook. (Criminal Case, Doc. Nos. 1002-04, filed Oct. 26, 2006.) Magistrate Judge Glazebrook entered a Report and Recommendation, recommending that the guilty plea be accepted and that Petitioner be adjudicated guilty. (Criminal Case Doc. No. 1009, filed Oct. 26, 2006.) The Court adopted the recommendation that the guilty plea be accepted and deferred ruling on acceptance of the plea agreement until the time of sentencing. (Criminal Case Doc. No. 1023, filed Oct. 27, 2006.) On March 22, 2007, the Court accepted the plea agreement and sentenced Petitioner to 102 months of imprisonment to be followed by a four-year term of supervised release. (Criminal Case Doc. No. 1371 at 8, 11, filed Mar. 22, 2007.)

Petitioner signed an Acknowledgment of Right to Appeal at the sentencing hearing. (Criminal Case Doc. No. 1369, filed Mar. 22, 2007.) Petitioner timely appealed, arguing that the

---

[1] Criminal Case No. 6:06-cr-125-Orl-19KRS will be referred to as "Criminal Case."

district court improperly enhanced his sentence based on possession of a firearm under U.S.S.G. § 2D1.1 because: (1) the Government violated his plea agreement by adding the enhancement in retaliation for his objection to the Presentence Investigation Report; and (2) the jury did not find that he had possessed a firearm. (Criminal Case Doc. No. 1572 at 3, filed Oct. 1, 2007.) The Eleventh Circuit Court of Appeals rejected both of Petitioner's arguments on appeal and affirmed his sentence. (*Id.* at 6.) On January 7, 2008, the United States Supreme Court denied Petitioner's petition for writ of certiorari to the United States Court of Appeals for the Eleventh Circuit. *Weaver v. United States*, 128 S. Ct. 953 (2008).

Petitioner timely filed a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255, asserting ten grounds for relief: (1) ineffective assistance of trial counsel for failure to seek immunity for the gun used to enhance Petitioner's sentence (Doc. No. 1 at 4); (2) ineffective assistance of trial counsel for failure to seek suppression of the drugs seized from Petitioner (*Id.* at 5); (3) ineffective assistance of trial counsel for failure to investigate the drug calculation and discover that Petitioner was responsible for only five grams of cocaine (*Id.* at 6); (4) ineffective assistance of trial counsel for failure to investigate the circumstances surrounding the firearm enhancement (*Id.* at 7); (5) ineffective assistance of trial counsel for permitting Petitioner to proffer to an agreement outside the presence of the Assistant United States Attorney (*Id.* at 8); (6) Petitioner's guilty plea was conditional, or in the alternative, involuntarily entered (Doc. No. 15 at 7-11; Doc. No. 23 at 3); (7) a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), arising from the failure of the government to disclose a DEA-6 form in which Mark Weaver stated that Petitioner was not aware of his trip to Ft. Lauderdale to obtain two kilograms of cocaine ("Brady Violation") (Doc. No. 23 at 7; Doc. No. 25); (8) improper waiver of indictment in violation of Rule 7 of the Federal

Rules of Criminal Procedure (Doc. No. 23 at 6); (9) improper filing of the First Superseding Information in violation of 18 U.S.C. § 3161(b) (Doc. No. 24 at 2); and (10) ineffective assistance of appellate counsel for failure to appeal the quantity of drugs attributed to Petitioner at sentencing (Doc. No. 23 at 4). The Government filed a Motion to Dismiss Petitioner's Section 2255 Motion. (Doc. No. 17.) Petitioner filed three separate documents which this Court will consider as Petitioner's response to the Government's Motion to Dismiss. (Doc. Nos. 23-25.)

**Standard of Review**

**I.     Relief**

Section 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (2009). If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* To obtain this relief on collateral review, however, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

**II.    Hearing**

Under Section 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon,

determine the issues and make findings of fact and conclusions of law with respect thereto." The Eleventh Circuit Court of Appeals has explained, "[a] habeas corpus petitioner is entitled to an evidentiary hearing on his claim 'if he alleges facts which, if proven, would entitle him to relief.'" *Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (quoting *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous").

**Analysis**

**I. Sentence-appeal Waiver**

Petitioner's plea agreement contained a sentence-appeal waiver, which stated:

[Petitioner] agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and *expressly waives the right to appeal [his] sentence or to challenge it collaterally on any ground*, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds that statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then [Petitioner] is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Criminal Case Doc. No. 1002 at 13 (emphasis added).) Before determining whether the sentence-appeal waiver bars Petitioner's claims here, it is appropriate to determine whether the sentence-appeal waiver is valid.

### A. Validity of Sentence-appeal Waiver

Sentence-appeal waivers are valid if made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005). "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).

During the plea colloquy, Petitioner identified his plea agreement and acknowledged that he read and understood the terms of the plea agreement, signed the plea agreement, and discussed the plea agreement with his counsel:

> THE COURT: All right. . . . Mr. Nichola, please put a copy of the Plea Agreement in front of your client and help [him] locate the signature page and flip through the Plea Agreement. Is that your Plea Agreement . . . Mr. Weaver?
>
> DEFENDANT WEAVER: Yes, it is.
>
> THE COURT: Did you sign it at the end and initial each of the pages?
> . . .
> DEFENDANT WEAVER: Yes, sir.
>
> THE COURT: Did you read every word of the Plea Agreement before you signed it?
> . . .
> DEFENDANT WEAVER: Yes, sir.
>
> THE COURT: Did you discuss the Plea Agreement with your attorney before you signed it?
> . . .
> DEFENDANT WEAVER: Yes, sir.
>
> THE COURT: Do you understand the Plea Agreement?
> . . .
> DEFENDANT WEAVER: Yes, sir.

(Criminal Case Doc. No. 1201 at 15-16, filed Feb. 2, 2007.) Petitioner further acknowledged his understanding that he would be waiving certain rights by entering into the plea agreement, including the right to collaterally attack his sentence except in limited circumstances:

> THE COURT: In your Plea Agreement, you waive your right to appeal from your sentence and to collaterally attack your sentence under virtually all circumstances. That also acts as a waiver of any claim to ineffective assistance of counsel.
>
> There are four very limited circumstances when you can appeal from your sentence or collaterally attack it: One, if the Court imposes a sentence that exceeds the maximum statutory sentence, then you can appeal;
>
> Secondly, you can appeal from your sentence if the Court imposes a sentence that is an upward departure from the Sentencing Guidelines ranges determined by the Court;
>
> Thirdly, you may appeal if the Court imposes a sentence that violates the Eighth Amendment, in other words, it constitutes cruel and unusual punishment;
>
> And, lastly, you may appeal if the government appeals because you'll be released from your waiver. *But otherwise, you waive your right to appeal from your sentence and to collaterally attack your sentence. Do you understand?*
> . . .
> DEFENDANT WEAVER: Yes, sir.
>
> THE COURT: Are you waiving those rights freely and voluntarily as part of this Plea Agreement?
> . . .
> DEFENDANT WEAVER: Yes, sir.

(*Id.* at 18-19 (emphasis added).) Petitioner also acknowledged that he understood his right to maintain a plea of not guilty and that he was not threatened, coerced, or pressured into pleading guilty:

> THE COURT: [D]o you understand that you do not have to plead guilty to this charge?
> . . .
> DEFENDANT WEAVER: Yes, sir.

> THE COURT: You may persist in a plea of not guilty, you may enter a plea of not guilty. You may insist that the government prove this charge against you at trial. Has anyone done anything that you believe is wrong or unfair to get you to plead guilty?
> . . .
> DEFENDANT WEAVER: No, sir.
>
> THE COURT: Has there been any threats or coercion or improper pressure of any kind placed on you to get you to plead guilty?
> . . .
> DEFENDANT WEAVER: No, sir.
>
> THE COURT: Do you want to plead guilty to this charge because you are guilty or is there some other reason that you want to plead guilty?
> . . .
> DEFENDANT WEAVER: I'm guilty.

(*Id.* at 14-15.) In light of the Magistrate's thorough and comprehensive plea colloquy and Petitioner's responses to the Magistrate's questions, it must be concluded that Petitioner knowingly and voluntarily pled guilty. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the [plea] colloquy are true."). Accordingly, the sentence-appeal waiver contained in Petitioner's plea agreement is valid.

### B. Effect of Valid Sentence-appeal Waiver

Finding that the sentence-appeal waiver is valid, the Court must determine whether Petitioner's collateral challenges are barred by the sentence-appeal waiver. The sentence-appeal waiver prohibits Petitioner from collaterally challenging his sentence on any ground except "(a) the ground that the sentence exceeds [his] applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds that statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution." (Criminal Case Doc. No. 1002 at 13.)

Petitioner claims that his trial counsel was ineffective for: (1) failing to seek immunity for the gun used to enhance Petitioner's sentence; (2) failing to seek suppression of the drugs seized from Petitioner; (3) failing to investigate the drug calculation and discover that Petitioner was responsible for only five grams of cocaine; (4) failing to investigate the circumstances surrounding the firearm enhancement; and (5) allowing an inappropriate proffer.[2] (Doc. No. 1 at 4-8.) These five ineffective assistance of counsel claims do not fall within any of the three exceptions to the sentence-appeal waiver permitting collateral attack of Petitioner's sentence and thus are barred from review by this court. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). In addition, Petitioner's claims of a Brady Violation, improper waiver of indictment in violation of Rule 7 of the Federal Rules of Criminal Procedure, and improper filing of the First Superseding Information in violation of 18 U.S.C. § 3161(b) do not fall within any of the exceptions to Petitioner's sentence-appeal waiver. Therefore, the sentence-appeal waiver bars review of these claims by this Court.

## II. Procedural Bar

Petitioner's claims of a Brady Violation, improper waiver of indictment in violation of Rule 7 of the Federal Rules of Criminal Procedure, and improper filing of the First Superseding Information in violation of 18 U.S.C. § 3161(b) are also procedurally barred from review by this Court. "[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255

---

[2] Petitioner asserts that his counsel was ineffective for permitting him to "proffer to an agreement when the [A]ssistant United States Attorney was not present." (Doc. No. 1 at 8.) In addition to being barred by Petitioner's sentence-appeal waiver, this claim must be rejected on the merits. Petitioner does not cite, and the Court does not find, any authority standing for the proposition that an Assistant United States Attorney must be present for a proffer or that the absence of an Assistant United States Attorney from a proffer may constitute ineffective assistance of counsel.

proceeding. This rule generally applies to all claims, including constitutional claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citations omitted); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). However, a defendant can avoid the procedural bar by demonstrating that: (1) there is cause and prejudice for the failure to raise the claim on direct appeal; or (b) "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Mills*, 36 F.3d at 1055.

In the present case, Petitioner did not raise on direct appeal his claims of a Brady Violation, improper waiver of indictment in violation of Rule 7 of the Federal Rules of Criminal Procedure,[3] and improper filing of the First Superseding Information in violation of 18 U.S.C. § 3161(b).[4] Further, he has not alleged or otherwise demonstrated cause or prejudice with regard to his failure to raise these claims on direct appeal or alleged that he is actually innocent. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar;

---

[3] Even if this claim was not procedurally barred or barred by Petitioner's sentence appeal waiver, this claim must be rejected on the merits. Rule 7(b) of the Federal Rule of Criminal Procedure permits an "offense punishable by imprisonment for more than one year to be prosecuted by information if the defendant – in open court and after being advised of the nature of the charge and of his rights – waives prosecution by indictment." The plea colloquy transcript makes clear that the Magistrate fulfilled these prerequisites, allowing Petitioner to waive prosecution by indictment. (Criminal Case Doc. No. 1201 at 2-5.)

[4] This claim also is without merit. Petitioner was arrested on or about June 21, 2006. (Criminal Case Doc. No. 10.) Petitioner was initially indicted on July 12, 2006, and the First Superseding Indictment was filed on October 23, 2006. (Criminal Case Doc. Nos. 212, 960.) Petitioner asserts that because the First Superseding Information was not filed within 30 days of his arrest, it was filed in violation of 18 U.S.C. § 3161(b). (Doc. No. 24 at 2-3.) However, "the fact that a subsequent charge arises out of the same criminal event as an earlier charge does not mean that the earlier charge triggers [18 U.S.C. § 3161(b)] for purposes of the later charge." *United States v. Keel*, 254 F. App'x 759, 761 (11th Cir. 2007) (citing *United States v. Derose*, 74 F.3d 1177, 1184 (11th Cir. 1996)). Thus, the 30-day limitation imposed by 18 U.S.C. § 3161(b) did not apply to the First Superseding Information, and the First Superseding Information was lawfully filed.

therefore, his failure to raise these claims on direct appeal constitutes a waiver and bars him from raising these claims in the instant motion.

### III. Conditional Guilty Plea

Petitioner argues that he entered into a conditional guilty plea, and in the alternative, that his guilty plea was not knowing or voluntary. (Doc. No. 15 at 7-11.)

Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, a conditional guilty plea must be in writing, *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997), and neither Petitioner's amended plea agreement nor any other document in the record reflects a written conditional guilty plea. Petitioner asserts that he should be granted relief in the absence of a written conditional guilty plea because "the plea colloquy unequivocally indicates that [Petitioner] intended to plead guilty on the condition that - and only after having been assured by the [Magistrate][5] that - he had preserved a drug amount issue for sentencing." (Doc. No. 15 at 8.) It appears from the stricken language on page 17 of the plea agreement that the Government and Petitioner agreed to preserve for sentencing the issue of the amount of drugs attributable to Petitioner. (Doc. No. 1002 at 17.) The plea colloquy transcript confirms this amendment to the plea agreement:

> MR. JANCHA: Your Honor, we would eliminate the last paragraph, initial it, and then we can litigate the amount of drugs at trial - or at sentencing.
>
> THE COURT [to defense counsel]: Is that something you want to do? . . . Go ahead and confer right now with Mr. Weaver.
>
> MR. NICHOLA: Yes, Mr. Weaver seems to be in agreement with that.
>
> THE COURT: All right.

---

[5] Petitioner argued that the "District Court Judge," not the Magistrate, made this promise to him during the plea colloquy, but the plea colloquy was held before Magistrate Judge Glazebrook, not the undersigned District Court Judge. (Criminal Case Doc. No. 1201 at 1.)

> MR. JANCHA: I'll draw a line through it, we'll officiall[y] initial it, Your Honor, and then we'll electronically file it again as an Amended Plea Agreement.
>
> THE COURT: All right. I'll take a look at that. All right. The last paragraph has been stricken beginning "In accordance with the above-noted facts." This is the last paragraph of paragraph 9 on page 17. It goes right through the end, "seized during the wiretap of this case." It's been initialed by Mr. Weaver, Mr. Nichola, and Mr. Jancha. And that issue will remain for sentencing.

(Criminal Case Doc. No. 1201 at 39-40.) The Magistrate then confirmed that Petitioner wished to continue pleading guilty pursuant to the amended plea agreement:

> THE COURT: Mr. Nichola and Mr. Weaver, has Mr. Weaver had enough chance to confer with his lawyer about this matter?
>
> MR. NICHOLA: He's saying, yes; and I'd ask him to say so.
>
> THE COURT: Mr. Weaver, have you had enough time to speak with Mr. Nichola about this?
>
> DEFENDANT WEAVER: Yes, sir.
>
> THE COURT: All right. Do you wish to proceed with a guilty plea to what's charged in Count One of the First Superseding Information?
>
> DEFENDANT WEAVER: Yes, sir.

(*Id.* at 41.) Petitioner then pled guilty to conspiracy to possess with intent to distribute and to distribute a quantity in excess of 500 grams of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance. (*Id.* at 45.) As the factual basis for his guilty plea, Petitioner stated in his own words, "[o]n June 20, [2006], I call[ed] my brother and ask[ed] him about how much a kilo of cocaine would cost." (*Id.* at 41.) Petitioner then confirmed the truth of the evidence that the Government would have presented had Petitioner proceeded to trial:

> THE COURT: . . . Mr. Jancha, what facts could the government prove by competent evidence, beyond a reasonable doubt, if this case were to go to trial as to Mr. Rolander Weaver?
>
> MR. JANCHA: . . . Specifically, on June 20, 2006, the government intercepted telephone calls where the Defendant Rolander Charles Weaver was speaking with his brother, Mark Antonio Weaver, about obtaining up to a kilogram of cocaine hydrochloride from Mark Antonio Weaver for redistribution to other individuals in the Brevard County Area.
> . . .
> THE COURT: All right. Mr. Weaver, did you hear what Mr. Jancha said to me?
>
> DEFENDANT WEAVER: Yes, sir.
>
> THE COURT: Was it true and correct?
>
> DEFENDANT WEAVER: Yes, sir.

(*Id.* at 42-43.) Petitioner's statements during the plea colloquy are presumed to be true, *Medlock*, 12 F.3d at 187, and, in any case, Petitioner does not challenge the veracity of his statements during the plea colloquy. Thus, there was no dispute that more than 500 grams of cocaine was attributable to Petitioner and that the issue remaining for sentencing was what amount of cocaine was attributable to Petitioner for sentencing purposes other than the one kilogram discussed during the intercepted telephone call between Petitioner and his brother.

The agreement between Petitioner and the Government to preserve the drug-quantity issue for sentencing does not transform Petitioner's guilty plea into a Rule 11(a)(2) conditional guilty plea. The purpose of a Rule 11(a)(2) conditional guilty plea is to conserve judicial resources by foregoing a trial conducted merely to preserve an issue for appeal that, if resolved in Petitioner's favor, would preclude his legal guilt. *See* Fed. R. Crim. P. 11, Notes of Advisory Committee on Rules, 1983 Amendment ("[T]he essence of the [conditional guilty plea] is that the legal guilt of the defendant exists only if the prosecution's case survives on appeal . . . ."); *United States v. Bundy*,

392 F.3d 641, 647 (4th Cir. 2004) ("[A] valid conditional guilty plea preserves for appellate review only case-dispositive pretrial issues."); *United States. v. Burns*, 684 F.2d 1066, 1071 (2d Cir. 1982) ("The practice of pleading guilty with a reservation of right to appeal a pre-trial ruling has been used in the context of a single pre-trial issue that all sides recognized would be dispositive of the entire case." (internal quotations omitted)). The drug-quantity issue here concerns the quantity of drugs attributable to Petitioner beyond the one kilogram that was discussed by Petitioner in the intercepted phone call to his brother, and thus, the drug-quantity issue solely concerns the sentence imposed on Petitioner, not whether he is guilty of the underlying crime of conspiracy to possess with intent to distribute 500 or more grams of cocaine. *See* U.S.S.G. § 2D1.1 (2006) (correlating a defendant's offense level to the amount of drugs attributable to the defendant). Thus, Petitioner's argument that a conditional guilty plea was created by the reservation of the drug-quantity issue until sentencing is without merit.

Petitioner further argues that if his guilty plea was not conditional, then it was unknowing and involuntary because he held a mistaken but reasonable belief that the drug amount issue was preserved for sentencing and appeal and, alternatively, because his counsel failed to raise the drug-amount issue at sentencing. (Doc. No. 15 at 9.) Petitioner was not mistaken in believing that the drug-quantity issue was preserved for sentencing. As discussed above, the issue of the amount of drugs attributable to Petitioner was preserved for sentencing pursuant to the amended plea agreement. Any failure of Petitioner's counsel to raise or properly argue this issue at sentencing is barred by Petitioner's sentence-appeal waiver. *See supra* part I.B. Moreover, even if Petitioner's counsel improperly failed to raise the drug-quantity issue at sentencing, such conduct could not have altered Petitioner's knowing and voluntary entry of a guilty plea more than five months prior to

sentencing. *See supra* part I.A. Thus, Petitioner's claim that his guilty plea was conditional or, alternatively, involuntary is not supported by the law or the alleged facts and is rejected.

## IV. Ineffective Assistance of Appellate Counsel

At the end of Petitioner's two-day sentencing hearing, the Court adopted the findings of the probation officer and attributed 2.255 kilograms of cocaine to Petitioner, which resulted in a base offense level of 28 pursuant to U.S.S.G. § 2D1.1 (2006). (Criminal Case Doc. No. 1398 at 82, filed Apr. 6, 2007.) [6] *Id.* Petitioner asserts that his appellate counsel rendered ineffective assistance by failing to appeal the quantity of drugs that was attributed to him at sentencing. (Doc. No. 23 at 4.)

A successful claim of ineffective assistance of counsel requires Petitioner to show that (1) "counsel's representation fell below an objective standard of reasonableness," and that (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *see also Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009) (noting that claims of ineffective assistance of trial and appellate counsel are both governed by *Strickland*). If Petitioner fails to establish either prong, the Court need not consider the other prong in finding that there was no ineffective assistance of counsel. *Strickland*, 466 U.S. at 697.

As to the prejudice prong, Petitioner must show more than how his counsel's allegedly deficient performance had some conceivable effect on the outcome of the appeal. *Gilreath v. Head*,

---

[6] Had the Court attributed less than two kilograms of cocaine to Petitioner, he would have received a base offense level of 26, which is the lowest possible base offense level in light of the instant charge, conspiracy to possess with intent to distribute and to distribute at least 500 grams of cocaine. (Doc. No. 1371.) Moreover, Petitioner's contention that only five grams of cocaine are attributable to him, (Doc. No. 1 at 6), is contradicted by his admission during the plea colloquy that he is responsible for at least one kilogram of cocaine. *See supra* part IV.

234 F.3d 547, 551 (11th Cir. 2000). Instead, Petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (citing *Strickland*, 466 U.S. at 694).

Petitioner was not prejudiced by the failure of his appellate counsel to raise the drug-quantity issue on appeal because the issue had no reasonable probability of success on the merits. *See Cross v. United States*, 893 F.2d 1287, 1289-92 (11th Cir. 1990) (rejecting the petitioner's claim of ineffective assistance of appellate counsel for failure to raise a particular issue on appeal because the issue had no merit and thus the petitioner was not prejudiced). A district court's determination of the quantity of drugs used to establish a base offense level for sentencing purposes is reviewed under the clearly erroneous standard. *United States v. Simpson*, 228 F.3d 1294, 1298 (11th Cir. 2000).

The evidence credited by the Court in support of attributing 2.255 kilograms of cocaine to Petitioner included: approximately 30 wiretapped telephone conversations in April and June 2006 from which it was learned that Petitioner dealt between one-quarter and one ounce[7] of cocaine on a daily basis; evidence that Petitioner and his brother stored drugs in a recreational vehicle in their grandparents' back yard; a wiretapped telephone conversation between Petitioner and his brother regarding a transaction of one kilogram of cocaine; observations that individuals would visit Petitioner's residence for one-minute intervals; proffers from other co-defendants that Petitioner was selling cocaine out of his residence; and fruits of a search including cocaine, scales, and baking soda

---

[7] Pursuant to the Measurement Conversion Table in the Commentary to U.S.S.G. § 2D1.1 (2006), there are 28.35 grams in one ounce, and thus approximately 35.27 ounces in one kilogram.

boxes containing cocaine residue. (Criminal Case Doc. No. 1398 at 76-77.) It was not clearly erroneous for the Sentencing Court to attribute 2.255 kilograms of cocaine to Petitioner based upon these facts; therefore, appealing the drug-quantity issue had no reasonable probability of success on the merits.[8] Accordingly, Petitioner has not established prejudice from his appellate counsel's failure to raise the drug-quantity issue on appeal, and Petitioner's claim of ineffective assistance of appellate counsel is rejected on the merits.

**Conclusion**

Based on the foregoing, the Court finds that Petitioner is not entitled to a hearing because his claims are either facially deficient or affirmatively contradicted by the record. Petitioner has not demonstrated that he is entitled to relief on any of the claims he has raised. Any allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody by Petitioner Rolander Charles Weaver (Doc. No. 1) is **DENIED**, and this case is **DISMISSED** with prejudice.

---

[8] Petitioner asserts that the Government unlawfully withheld a DEA-6 report containing a statement from Mark Weaver that Petitioner had no knowledge of Mark Weaver's two-kilogram cocaine purchase on June 20, 2006. (Doc. No. 23 at 7; Doc. No. 25.) However, that allegation, even if true, does not affect the result reached here because the Court attributed 2.255 kilograms of cocaine to Petitioner without relying on his knowledge that Mark Weaver purchased two kilograms of cocaine on June 20, 2006. Rather, the Court relied upon a telephone conversation between Petitioner and Mark Weaver on June 20, 2006 concerning the purchase price of one kilogram of cocaine. (Criminal Case Doc. No. 1398 at 76.) Petitioner admitted to having this conversation with Mark Weaver during his plea colloquy, (Criminal Case Doc. No. 1201 at 41, 43), and thus it is entitled to a strong presumption of truthfulness. *Medlock*, 12 F.3d at 187.

2. The Motion to Dismiss Petitioner's Section 2255 Motion by Respondent United States of America (Doc. No. 21) is **DENIED as moot**.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

4. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:06-cr-125-Orl-19KRS and to terminate the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Criminal Case Doc. No. 1725, filed Jan. 9, 2009) pending in that case.

5. This Court should grant an application for certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[9] Accordingly, a Certificate of Appealability is **DENIED** in this case.

Dated this 24th day of February, 2010 in Orlando, Florida.

---

[9] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Rules Governing § 2255 Proceedings, Rule 11.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Rolander Charles Weaver
Counsel of Record